Filing # 92334281 E-Filed 07/10/2019 02:25:26 PM

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## IN AND FOR SARASOTA COUNTY, FLORIDA

DEREK NEWCOMER
MAVERICK CONSTRUCTION, LLC
     Plaintiffs,

                                       Case No.

vs.

SUSAN MONAHAN, an individual;
and VININGS INSURANCE CO,
a Georgia Corporation
     Defendants.

_____/

### COMPLAINT FOR DECLARATORY JUDGMENT

     **COMES NOW**, DEREK NEWCOMER (hereinafter NEWCOMER) and MAVERICK CONSTRUCTION, LLC, (hereinafter MAVERICK) and hereinafter collectively referred to as "Plaintiffs", by and through the undersigned counsel, and pursuant to the applicable Florida Rules of Civil Procedure, and hereby files this Complaint For Declaratory Judgment against VININGS INSURANCE CO., a Georgia Corporation authorized to conduct business in Florida and Susan Monahan, as a necessary and indispensable party to this action, and in support thereof state as follow:

### JURISDICTIONAL ALLEGATIONS

     1.     This is declaratory judgement action brought under Florida's Declaratory Judgment Act

     2.     NEWCOMER is an individual and a citizen of the State of Florida.

     3.     At all times mentioned herein, MAVERICK was and is a construction company located at 4315 53rd Avenue, Bradenton, Florida 34203, and NEWCOMER was and is an employee and its principle officer.

4.    MONAHAN at all times relevant hereto is an individual residing in the State of Florida, Sarasota County.

5.    At all times relevant hereto VININGS was and is an insurance company licensed to do business in Florida, with its principal offices at 2410 Paces Ferry Rd SE, Atlanta, GA 30339.

## BACKGROUND

7.    On January 6, 2017 MONAHAN filed an Amended Complaint in a matter entitled Monahan v. Knowlton (Case No. 2016CA4392NC, the "underlying matter") in the Circuit Court of the Twelfth Judicial District in and for Sarasota County Florida against MAVERICK and NEWCOMER for damages based in part on a claim of negligence in which MONAHAN demands damages for consequential and special damages sustained as a result of the alleged negligence of NEWCOMER and MAVERICK in connection with permitting and construction done on premises owned by MONAHAN located at 5126 Sandy Cove Avenue, Sarasota, Florida.

8.    At the time, MAVERICK and NEWCOMER were insureds under a general commercial liability insurance policy (the Vinings policy) issued by VINING'S, bearing policy number GLP 0188043 00-01.

9.    Subsequent to the service of the aforesaid Amended Complaint, Maverick and Newcomer notified VININGS, through counsel, of the underlying matter, provided a copy of the Amended Complaint to Vinings and demanded indemnification and defense as provided in the Vinings policy.  Vinings denied coverage and declined to defend either MAVERICK or NEWCOMER.

10.    As a result of Vinings denial of coverage and refusal to defend them, MAVERICK and NEWCOMER were forced to defend themselves in the underlying action through personal counsel.

11.    MAVERICK reached a settlement with MONAHAN to resolve the claim(s) against MAVERICK in exchange for a payment from MAVERICK to MONAHAN.

12.     NEWCOMER remains as a Defendant in the underlying matter, which remains pending.

## COUNT I

### (For Declaratory Judgment)

13.     Plaintiffs reallege paragraphs 1-12 as if fully set forth herein.

14.     Plaintiffs have been served with a Third Amended Complaint in the underlying matter, a copy of which is attached hereto as Exhibit A, in which MONAHAN again demands judgment for consequential and special damages sustained as a result of the alleged negligence of NEWCOMER and MAVERICK in connection with permitting and construction done on premises owned by MONAHAN located at 5126 Sandy Cove Avenue, Sarasota, Florida.

15.     The aforesaid VINING'S policy covers the allegations of negligence made by MONAHAN in her Third Amended Complaint as well as those made in her prior Complaints.

16.     Demand for a full defense and indemnification has been made of VININGS with respect to the claims made in Exhibit A, but it has been refused.

WHEREFORE, Plaintiffs demand judgment declaring:

a.      that the aforesaid Vinings policy was and is in full force and effect and that VINING'S is obligated to and must defend and indemnify the Plaintiffs for all claims made in Exhibit A;

b.      for any other relief that the Court believes to be equitable and just.

## COUNT II

### (Reimbursement of Attorneys' Fees and Costs)

17.     Plaintiffs reallege paragraphs 1-16 as if fully set forth herein.

18.     As a result of VINING'S breach of its insurance contract with the Plaintiffs, specifically its failure and refusal to defend the plaintiffs in the underlying matter, the Plaintiffs have incurred and will continue to incur attorney's fees and costs in the defense of the underlying matter.

WHEREFORE, Plaintiffs demand judgment against Defendant VININGS for reimbursement of their attorneys' fees and costs incurred and to be incurred in the defense of the MONAHAN claims and for any other relief that the Court believes to be equitable and just.

## COUNT III

### (Reimbursement of Settlement)

19.    Plaintiffs reallege paragraphs 1-18 as if fully set forth herein

20.    As a further result of Defendant's breach of contract, MAVERICK, acting in good faith and in its best interest, settled with MONAHAN in the underlying mattter in the amount of $35,000.00, to be paid over a period of time.

21.    Demand has been made of VINING'S that it reimburse MAVERICK in connection with the said settlement, but VINING'S has refused.

WHEREFORE, Plaintiff, MAVERICK, and demands judgment against VININGS for reimbursement of any and all settlement monies it paid to MONAHAN and for any other relief that the Court believes to be equitable and just.

## JURY DEMAND

Plaintiff's Maverick Construction and Derek Newcomer hereby demand a Trial by Jury on all claims asserted in this cause.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by regular electronic mail through the Florida E-Portal this _10th_ day of _July_ , 2019, to:

**Albert A. Sanchez, Jr., Esquire**
Sanchez Law, PLLC
2055 Wood Street, Suite 206
Sarasota, FL 34237
Phone: (941) 366-0001
Fax: (941) 366-0025

Primary: aasanchezlaw@gmail.com
Secondary: cesanchezlaw@gmail.com
*Attorney for Plaintiff, Susan Monahan*

**Morgan Bentley, Esquire**
**Johanna Maynadier Bradley**
Bentley & Bruning, P.A.
783 South Orange Avenue
Suite 220
Sarasota, Florida 34236
Telephone: (941)556-9030
Facsimile: (941)312-5316
jbradley@bentleyandbruning.com
mbentley@bentleyandbruning.com

**MICHAEL L. MORGAN LAW GROUP, P. A.**
2364 Fruitville Road
Sarasota, FL 34237
Phone: (941) 953-4555
Fax: (941) 953-4533

Michael L. Morgan, Esquire
Florida Bar No: 0153893
*Attorney for Defendants Derek Newcomer and Maverick Construction, LLC*
mmorgan@mlmorganlaw.com
ljakanski@mlmorganlaw.com
pmorrell9534555@gmail.com

James LePore, Esquire
Florida Bar Pro Hac Vice
*Attorney for Defendants Derek Newcomer and Maverick Construction, LLC*

Filing # 90624161 E-Filed 06/05/2019 02:32:51 PM

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## IN AND FOR SARASOTA COUNTY, FLORIDA

**SUSAN E. MONAHAN**

    Plaintiff,

**v.**                                  **CASE NO. 2016 CA 004392 NC**

**ROBERT D. KNOWLTON,**
**DEREK NEWCOMER,**
**RICHARD SCOTT EASON**

    Defendants.

_____/

### THIRD AMENDED COMPLAINT

    Plaintiff, SUSAN. E. MONAHAN ("Monahan"), sues Defendants, ROBERT D. KNOWLTON ("Knowlton"), USA FRAMING, INC. ("USA Framing"), a Florida profit corporation, and DEREK NEWCOMER ("Newcomer"), and alleges:

#### Jurisdictional Allegations

1.    This is an action for damages that exceeds $15,000.00.

2.    Knowlton is an individual and a citizen of the State of Florida.

3.    USA Framing is a dissolved Florida corporation whose last known principal address was 1710 Fiesta Drive, Sarasota, FL 34231.

4.    Newcomer is an individual and a citizen of the State of Florida.

5.    Monahan is an individual who owns property located at 5126 Sandy Cove Ave., Sarasota, FL 34242.

6.    Venue is proper in Sarasota County as one or more of the Defendants resides or has their principal place of business in Sarasota County, and the cause of action accrued in Sarasota County.

1



## Background Facts

7.  In May of 2015, Monahan entered into an oral contract with Knowlton to remodel her residence located at 5126 Sandy Cove Ave. Sarasota, FL 34242 (the "Property"). The scope of work for the remodeling consisted of a substantial interior remodel and the new construction of a small addition behind the garage (the "Project") for a cost of approximately $80,000 to $90,000, exclusive of the cost of purchasing appliances and cabinetry for the kitchen.

8.  During the design and bidding process, Knowlton, as the owner and operator of USA Framing, represented himself to Monahan as a licensed contractor who was highly experienced and knowledgeable with regards to the Sarasota County zoning rules and regulations applicable to substantial improvements on real property located in a flood zone, and specifically what is commonly referred to as the "FEMA 50% Rule."

9.  Knowlton further assured Monahan that the total cost of the Project would be within the FEMA 50% Rule.

10.  Additionally, because the Property was to be marketed for sale upon completion of the Project it was imperative that it be properly permitted. Knowlton was aware of this fact and ensured Monahan that all work conducted would be properly permitted by Sarasota County.

11.  Monahan hired an architect to prepare the drawings for the Project, and Knowlton secured the services of Apex Consulting Engineers, LLC ("Apex"), an engineering firm managed by Newcomer, to act as the licensed structural engineer required for the drawings to be submitted to Sarasota County.

12.  Accordingly, Apex, along with its engineer of record, Newcomer, reviewed all proposed architectural drawings, prepared all engineering drawings, performed site inspections and signed and sealed the drawings submitted to Sarasota County for permitting.

2

13.     However, unbeknownst to Monahan, at the time Monahan entered into the contract with Knowlton, Knowlton was not a state licensed or certified general contractor, or a residential contractor, as required by law.

14.     Unbeknownst to Monahan, but known to Knowlton, Newcomer, Maverick, and Apex, the proposed Project violated the FEMA "50% Rule."

15.     Unbeknownst to Monahan, Knowlton and Newcomer have engaged in this exact set up on numerous projects throughout Sarasota and Manatee Counties over a period of several years.

16.     Work related to the Project commenced the beginning of September 2015. At that time, no permit had been submitted or approved by Sarasota County for the Project.

17.     When Monahan inquired about the status of permit approval, Knowlton falsely asserted that no permit was required for conducting demolition of the interior residence.

18.     On September 13, 2015, Monahan returned from a business trip to discover the entire interior of the existing structure had been completely gutted, which was inconsistent with the plans, and not authorized by Monahan as the agreed upon scope of work.

19.     From September 2015 through January 2016, Knowlton provided evasive and deceptive responses to Monahan's requests for the status of permitting for the Project, stating that "permits are taking a long time but it's no big deal," "the permit is ready, I just need to pick it up," and "I have the permits. I filed the permit but I marked it private so nosy neighbors can't look it up. Only I can view my permits."

20.     On or about February 1, 2016, Knowlton met with Monahan at the Property and requested payment of $30,000 for new windows, an amount not included in the $90,000 estimate for the cost of the Project.

21.    When Monahan expressed concern to Knowlton regarding the additional cost and how it related to the FEMA "50% Rule", Knowlton assured Monahan that the Project costs, including the new windows, would not violate the FEMA "50% Rule."

22.    That same day, approximately five (5) months after construction on the Project had begun, and as evidence of the fact that Knowlton was unlicensed, Newcomer, pursuant to his agreement with Knowlton, agreed to allow Knowlton to use his contractor's license, d/b/a Maverick Construction, LLC ("Maverick"), to submit the permit application to Sarasota County, despite the fact that Newcomer and/or Maverick had no intention of acting as the contractor on the Project, and had not entered into a construction agreement with Monahan.

23.    Newcomer and his engineering firm Apex, having reviewed the architectural drawings, prepared the engineering drawings, performed site inspections, met with Knowlton and signed and sealed the permit drawings submitted to the County for permitting, was fully aware that the Project encompassed both an interior renovation of the existing structure and construction of a new addition.

24.    However, unbeknownst to Monahan, and in contradiction to the scope of work depicted in the permit drawings, the permit application submitted by Newcomer, through Maverick, included a request for permitting of the construction of the new addition only, and excluded the interior remodel of the existing structure. *A copy of the permit application is attached as Exhibit "1."*

25.    Despite applying for the permit, Newcomer, individually, or in his capacity as an agent for Maverick, did not supervise or otherwise perform any acts required of a licensed contractor.

26.     On or about March 31, 2016, Knowlton approached Monahan and asked her to approve a transfer of the permit licensee from Newcomer to Scott Eason, explaining that Newcomer needed to get out of the project.

27.     In fact, all jobs where Newcomer and/or Maverick were listed as the general contractor were getting red tagged with the County, and Knowlton knew he needed to removed Newcomer from the project before Monahan's Project was red tagged as well.

28.     By April of 2016, approximately seven (7) months after commencement of the Project, no permit had been applied for or issued for the interior remodel of the existing structure, yet the house was completely gutted, new interior walls were being framed, and plumbing, electric, and A/C ductwork had been started.

29.     Incredibly, notwithstanding the Defendants' failure to obtain full permitting for the Project or that they were barely beyond the demolition stage, Knowlton had demanded, and Monahan had paid, a total $72,533.00 to Knowlton's company, USA Framing, for the costs of the Project originally estimated to cost a total of $80,000-90,000.

30.     On April 5, 2016, approximately 2 days after Newcomer, d/b/a Maverick, was substituted out as the licensed contractor on the Project, Sarasota County issued a Stop Work Order on the Property citing "Unlicensed Activity Reported." *A copy of the Stop Work Order is attached as Exhibit "2."*

31.     Since the Stop Work Order was issued, Monahan has been informed by representatives of Sarasota County that the work performed on the Job does not comply with current code requirements, is in violation of the FEMA "50% Rule", and consequently, the entire existing structure must be torn down.

32. All conditions precedent to bringing this action have occurred or otherwise been waived or excused.

### COUNT I – NEGLIGENCE AS TO NEWCOMER

33. Monahan realleges paragraphs 1 through 32 as though fully set forth herein.

34. This is a count for negligence against Newcomer.

35. Newcomer, d/b/a Maverick, undertook a duty to Monahan when he submitted a permit application to Sarasota County for the Project on Monahan's property and/or allowed his contractor's license number to be used by Knowlton.

36. In doing so, Newcomer, b/d/a as Maverick, was obligated to perform the duties of a licensed contractor with reasonable care.

37. Newcomer d/b/a Maverick breached his duty of reasonable care to Monahan by, among other things, knowingly submitting, or allowing the submission, of a permit application for only a portion of the scope of work outlined in the Project's drawings Newcomer and Apex submitted to Sarasota County, knowingly submitting a permit application in violation of Sarasota County code and the FEMA 50% rule, for failing to undertake any duty or responsibility required of a licensed contractor of record on the Construction, and for aiding and abetting the unlicensed contracting activity of Knowlton.

38. As a result of Newcomer's, d/b/a Maverick, breach, Monahan has been damaged.

WHEREFORE, Monahan demands judgment against Newcomer for damages, costs, and attorneys' fees pursuant to the wrongful act doctrine, and for such other relief as the Court deems just.

### COUNT II - NEGLIGENT MISREPRESENTATION AS TO KNOWLTON

39. Monahan realleges paragraphs 1 through 32 as though fully set forth herein.

6

40.     This is a count for fraudulent misrepresentation against Knowlton.

41.     Knowlton made a false statements of material fact when he represented to Monahan he was able to perform the duties of a licensed general contractor, and to perform the scope of work contemplated under the Contract.

42.     Because Knowlton is not a licensed general contractor, and therefore cannot by law perform the duties of a licensed general contractor, he knew these statements were false.

43.     Knowlton made these false statements of material fact in order to induce Monahan to hire him to perform the Construction on her Property.

44.     Monahan relied upon Knowlton's false statements of material fact and was consequently damaged.

WHEREFORE, Monahan demands judgment against Knowlton for damages, attorneys' fees pursuant to the wrongful act doctrine, costs, and such other relief as the Court deems just.

## COUNT V-STATUTORY ACTION FOR DAMAGES PURSUANT TO § 768.0425, FLA. STAT. AS TO KNOWLTON

45.     Monahan realleges paragraphs 1 through 32 and 41 through 44, as though fully set forth herein.

46.     This is a count for treble damages pursuant to § 768.0425, Fla. Stat. against Knowlton.

47.     Knowlton acted as a "contractor" as that term is defined by section § 768.0425(1), Fla. Stat.

48.     Monahan is a "consumer" as that term is defined by § 768.0425(1), Fla. Stat.

49.     Knowlton fraudulently represented himself to Monahan as a licensed contractor, wrongfully represented to Monahan that he was qualified to perform the scope of work contemplated on the Project, and that he was highly experienced and knowledgeable with regards

to the Sarasota County zoning rules and regulations applicable to substantial improvements on real property located in a flood zone, and specifically what is commonly referred to as the FEMA "50% Rule."

50.    Knowlton wrongfully and negligently asserted to Monahan that the total cost of the Project would be within the FEMA 50% Rule, and that the Project would be properly permitted.

51.    Ultimately Knowlton fraudulently, wrongfully and/or negligently contracted with Monahan to conduct a scope of work on her Property which he knew violated Sarasota County code and the FEMA "50% Rule," and thereafter systematically set about to perpetuate and conceal this fraud from Monahan and Sarasota County.

52.    Monahan remitted payment to Knowlton's company, USA Framing, in the amount of $72,533.00, yet Knowlton only conducted the interior demolition of the existing structure.

53.    Due to Knowlton's negligence, malfeasance and misfeasance, Monahan has been damaged.

WHEREFORE, Monahan demands judgment against Knowlton for treble damages, attorney's fees pursuant § 768.0425, Fla. Stat., costs, and such other relief as the Court deems just.

## COUNT VI-VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT AS TO KNOWLTON AND NEWCOMER

54.    Monahan realleges paragraphs 1 through 32, 35 through 37, and 41 through 44 as though fully set forth herein.

55.    This is a count for a violation of Florida's Deceptive and Unfair Trade Practices Act, § 501.204, Fla. Stat. against Knowlton and Newcomer:

56.    The following actions by Knowlton and Newcomer constitute unconscionable acts and practices, as they are unfair and deceptive in nature in violation of § 501.204, Fla. Stat.:

8

a. Knowlton's false representation to Monahan that he was experienced and qualified to conduct the scope of work outlined in the Contract.

b. Knowlton's act of entering into a Contract with Monahan which Florida law required a contractor's license in order to perform, and his subsequent performance of work on the Project without a contractor's license.

c. Newcomer d/b/a Maverick's aiding and abetting Knowlton's unlicensed contracting activity by knowingly submitting, or allowing the submission, of a permit application for only a portion of the scope of work outlined in the Project's drawings Newcomer and Apex submitted to Sarasota County, knowingly submitting a permit application in violation of Sarasota County code and the FEMA 50% rule, and failing to undertake any duty or responsibility required of a licensed contractor of record on the Construction.

57. As a direct and proximate cause of Knowlton and Newcomer unfair and deceptive trade practices, Monahan has suffered damages.

WHEREFORE, Monahan demands judgment against Knowlton and Newcomer for damages, attorney's fees pursuant § 501.2105, Fla. Stat., costs, and such other relief as the Court deems just.

## COUNT V – CIVIL CONSPIRACY

58. Monahan realleges paragraphs 1 through 32, 35 through 37, and 41 through 44 as though fully set forth herein.

59. This is a count for civil conspiracy against Knowlton and Newcomer.

60. Knowlton and Newcomer conspired with one another to further both Knowlton's unlawful practice of unlicensed contracting and Knowlton's misrepresentation to Monahan that he

9

was able to perform the duties of a licensed general contractor, and to perform the scope of work contemplated under the Contract.

61.     In furtherance of this conspiracy, Knowlton and Newcomer did the following:

a.  Knowlton falsely represented to Monahan that he was experienced and qualified to conduct the scope of work outlined in the Contract.

b.  Knowlton entered into a Contract with Monahan which Florida law required a contractor's license in order to perform, and subsequently acted as an unlicensed contractor in performing the work without a contractor's license.

c.  Newcomer d/b/a Maverick aiding and abetting Knowlton's unlicensed contracting activity by knowingly submitting, or allowing the submission, of a permit application for only a portion of the scope of work outlined in the Project's drawings Newcomer and Apex submitted to Sarasota County, knowingly submitting a permit application in violation of Sarasota County code and the FEMA 50% rule, and failing to undertake any duty or responsibility required of a licensed contractor of record on the Construction.

62.     As a result of the forgoing acts, Monahan has been damaged.

WHEREFORE, Monahan demands judgment against Knowlton and Newcomer for treble damages and attorney's fees pursuant § 768.0425, Fla. Stat., costs, and such other relief as the Court deems just.

### COUNT VI – DISGORGEMENT OF MONIES PAID TO KNOWLTON AND USA FRAMING

63.     Monahan realleges paragraphs 1 through 32, 41 through 44, and 49 through 53, as though fully set forth herein.

64.     This is a count for disgorgement of monies paid to Knowlton and USA Framing.

65.     Given the scope of services Knowlton contracted to perform for the Construction, he was required to be a licensed contractor, as defined by § 489.105, Fla. Stat.

66.     Pursuant to the oral contract between Knowlton and Monahan, Monahan made progress payments to USA Framing, and/or Knowlton totaling $72,533.00.

67.     At all times relevant hereto, Knowlton was not a licensed contractor as required by law.

68.     Section 489.127(1)(f), Fla. Stat., expressly states that no persons or entity shall "engage in the business or act in the capacity of a contractor or advertise himself or herself or a business organization as available to engage in the business or act in the capacity of a contractor without being duly registered or certified."

69.     Section 489.127(1)(h), Fla. Stat., also expressly states that no persons or entity shall "commence or perform work for which a building permit is required pursuant to part IV of chapter 553 without such building permit being in effect."

70.     Section 489.128 expressly declares contracts entered into by unlicensed contractors to be unenforceable, whether at law or in equity, as a matter of public policy.

71.     Accordingly, the oral contract between Knowlton and Monahan is invalid and therefore unenforceable.

72.     Public policy dictates that Knowlton should not benefit in any way as a result of his actions as an unlicensed contractor.

73.     Knowlton and or USA Framing has benefited from the practice of unlicensed contracting by collecting progress payments from Monahan totaling $72,533.00, and Monahan has been damaged.

WHEREFORE, Monahan demands judgment against Knowlton and USA Framing for a

disgorgement of all monies paid to either Knowlton or USA Framing, interest from the date of

payment as damages, costs, and such other relief as the Court deems just.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court of Sarasota County, Florida, using the Florida Courts E-Filing Portal which will send an electronic notice to); **JAMES LEPORE, ESQ.,** (jameslepore7@gmail.com) , 412 Riviera Street, Venice, Florida 34285; **MICHAEL L. MORGAN, ESQ.,** Michael L. Morgan Law Group, P.A., 2364 Fruitville Road, Sarasota, Florida 34237 (mmorgan@mlmorganlaw.com; hjmiklinski@mlmorganlaw.com; pmorrell9534555@gmail.com); **ROBERT D. KNOWLTON,** 6023 Sawyer Drive, Unit 133, Sarasota, FL 34233 at rknowlton74@gmail.com; and **USA FRAMING, INC, P.O.,** Box 15806, Sarasota FL, 34277, also c/o Robert Knowlton, R.A., 1710 Fiesta Drive, Sarasota, FL 34231 at rknowlton74@gmail.com this _5th_ day of June, 2019.

> **BENTLEY & BRUNING, P.A.**
>
> MORGAN R. BENTLEY, ESQ.
> Florida Bar No. 0962287
> *mbentley@bentleyandbruning.com*
> **AMANDA R. KISON, ESQ.**
> Florida Bar No. 0096151
> *akison@bentleyandbruning.com*
> 783 South Orange Avenue, Suite 300
> Sarasota, Florida 34236
> Telephone: 941-556-9030
> Facsimile: 941-312-5316
> *jbradley@bentleyandbruning.com*
> *vengel@bentleyandbruning.com*
> Counsel for Plaintiff
>
> **SANCHEZ LAW, PLLC**
> ALBERT A. SANCHEZ, JR., ESQ.
> *aasanchezlaw@gmail.com*
> *cesanchezlaw@gmail.com*
> Florida Bar No. 0267953
> 2055 Wood Street, Suite 206
> Sarasota, Florida 34237

Telephone: 941-366-0001
Facsimile: 941-366-0025
Counsel for Plaintiff

# Sarasota County
scgov.net | 941.861.5000 | TV19

____ North County ____ South County
Application Number _____
WNCA Application# _____

## PERMIT APPLICATION (NEW CONSTRUCTION) OR
## WATER NAVIGATION CONTROL AUTHORITY PERMIT

Application must be filled out completely and signed by the contractor, authorized agent or owner BEFORE processing can begin.
Minimum two (2) sets of plans, three (3) sets if on well and/or septic [FBC 2010]
To be completed by applicant – PLEASE PRINT CLEARLY:

Date 2-1-16   Estimated Cost $ 32,400⁰⁰   Parcel ID _____ . _____ . _____

Project Address: 5186 Sandy Cove Ave   Sarasota   34242
(Street Address)   (Apt/Suite/Other)   (City)   (Zip)

Legal Description: Lot _____ Block _____ Subdivision _____

Metes & Bounds _____ Name of Waterway _____ If a WNCA Permit select: __General __Major __Minor

☐ Check box if Primary contact
Contractor License Holder Name: Merrell Construction   License #: 1620-5556194
Business Name: Merrell Construction
Business Address: 4015 Sawyer Ave C   Sarasota FL   34231
Phone: 555-1900   Fax: _____   E-Mail: _____

☐ Check box if Primary contact
Property Owner See Mona Lee   Phone 504-305-1808   E-mail _____
Mailing Address 5186 Sandy Cove Ave _____
(Street Address)   (Apt/Suite/Other)   (City)   (Zip)

☐ Check box if Primary contact
Architect/Engineer _____   License # _____
Business Address _____
(Street Address)   (Apt/Suite/Other)   (City)   (Zip)
Phone _____ Fax _____ E-Mail _____

☑ Check box if Primary contact
Agent/Other Contact Rob Knowlton   Phone 941 628 6910   Fax _____
E-mail Rob @ USAframers.com

| Number of Indiv Jobsite copies | Number of Units | Number of Stories | Service Amperage |
|---|---|---|---|
| Water Source: ☐ Central ☐ Well | Sewer Source: ☐ Central ☐ Septic | | Type of Gas: ☐ LP ☐ Natural |
| Food Service | Shell Only | | Lawn Irrigation |

### Detailed Work Description
Addition only

If applying for a COMMERCIAL PERMIT, please complete this section as well:

Current Business Use _____   Proposed business use _____

IP801 - Revised 04/10/2013

EXHIBIT
1

Zoning/County Code Section 27-4.910.1 F.S. 3812.50; 162.01 et seq.

# STOP WORK ORDER
## ALL WORK SHALL IMMEDIATELY CEASE
### UNTIL FURTHER NOTICE

Issued To: _____

(Property Owner, Agent or Person Doing Work)

Location of Violation(s): _____

Time / Date of Violation(s): _____

Code Section Violated: _____

Acts of Violation: _____

Corrective Action: _____

**DO NOT REMOVE**
The Removal of this SWO
May Result In Addition Fees

By: _____

Building Official (or authorized agent)

Planning and Development Services / Development Services
1001 Sarasota Center Blvd. Sarasota, FL 34240     Phone: (941) 861-6678
4000 S. Tamiami Trail; Venice, FL 34293      Phone: (941) 861-3029